IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-07-0567 |
| | : | |
| JAMAR SAUNDERS | : | |

...o0o...

**MEMORANDUM**

  Defendant Jamar Saunders, charged with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g), has filed a motion to dismiss the indictment. Oral argument was heard November 13, 2008, and supplemental materials have been submitted. For the reasons that follow, the motion will be denied.

  This prosecution arises out of a cooperative federal-local agreement related to gun prosecutions called Baltimore EXILE. Mr. Saunders initially was charged with a gun offense in Baltimore City in August 2007. While state charges were pending, his case was referred to federal authorities for consideration, and ultimately presented to a grand jury, which returned an indictment on December 4, 2007. The state charge thereafter was dismissed.

  Without discussing in detail the Baltimore EXILE program, which was thoroughly outlined in the proffer by AUSA Jason Weinstein at the hearing and in his Declaration submitted November 14, 2008, it is sufficient for the court to note there are numerous significant distinctions between the operation of Baltimore EXILE and the Project Safe Neighborhoods program in Michigan discussed in the opinion primarily relied on by the defense, *U.S. v. Morris*, 470 F.3d 596 (6th Cir. 2006). In this case, there is no evidence that the federal prosecutors participated in the state plea bargaining process in any way, nor that the Operation EXILE program mandates such participation. At best, in some minority of the cases (approximately 35-

40%), the U.S. Attorney's office sends a "FLIP" letter (Federal Letter of Intent to Prosecute) advising the defendant that if his case is not resolved in a manner satisfactory to state prosecutors by a certain date, federal prosecution will proceed.  In the exercise of the U.S. Attorney's discretion, Mr. Saunders did not fall within that 35-40%, in part because he was believed to be an Armed Career Criminal under 18 U.S.C. § 924(e).  Nor is there any indication that federal authorities provided any inaccurate information about the possible federal penalties or sentencing guideline range that may have figured into Mr. Saunders's decision not to plead guilty in state court within the time before the offer was withdrawn.  The communications between the AUSA and the ASA in this case related only to the date on which a federal indictment might be sought, with the ASA being interested in knowing whether that would precede the scheduled City trial date.

      Accordingly, whether Mr. Saunders was well advised by his state defense lawyer gives rise to no federal constitutional claim, and this court has no jurisdiction over any alleged ineffective assistance of counsel in the state case.  *See U.S. v. McConer*, 530 F.3d 484, 494-95 (6th Cir. 2008) (distinguishing its prior opinion in *Morris*).

      A separate Order follows.

   January 22, 2009                                         /s/
           Date                                         Catherine C. Blake
                                                    United States District Judge