IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMAR SAUNDERS              :
                            :
       v.                   :       CIVIL NO. CCB-13-3836
                            :       Criminal No. CCB-07-0567
UNITED STATES OF AMERICA    :
                         ...o0o...

# MEMORANDUM

Jamar Saunders pled guilty to unlawful possession of a firearm and on July 24, 2009, was sentenced to 180 months under the Armed Career Criminal Act, 18 U.S.C. § 924(e). His appeal was dismissed by the Fourth Circuit on February 25, 2010, and his petition for writ of certiorari was denied by the U.S. Supreme Court on June 28, 2010.

More than three years later, on November 12, 2013, Saunders wrote to this court requesting copies of his indictment and judgment order. On November 21, 2013, he wrote again inquiring about the status of his motion to vacate under 28 U.S.C. § 2255, which he claimed had been mailed to the court in February 2011.

Neither the court nor the U.S. Attorney's Office had any record of receiving any § 2255 motion from Saunders in 2011. The court construed December 2013 correspondence from Saunders as a § 2255 motion, which he was allowed to supplement in January 2014.[1] Asked to explain why late filing should be permitted, Saunders invokes the "prison mail box rule" and claims he delivered the petition to authorities at FCI Three Rivers in a prepaid first-class stamped envelope in February 2011. He offers no independent proof of that mailing, however, and filed no reply to the government's response which included an affidavit from a mailroom official about the regular procedures followed in 2011 and the lack of any instances of staff tampering

---

[1] The motion, which complains that he was not advised of his rights under Fed. R. Crim. P. 11 at the time of his guilty plea, does not appear meritorious.

1

with or destroying inmate mail.  Nor has Saunders offered any reason why he failed to inquire about the status of his motion despite hearing nothing from the court or U.S. Attorney's Office for more than two and a half years.

In short, the record shows that the motion was not timely filed and that no basis exists for equitable tolling of the one-year statute of limitations.  Accordingly, the motion will be dismissed.  A certificate of appealability will not be issued.


<u>July 25, 2014</u>                                       <u>          /S/                         </u>
Date                                                     Catherine C. Blake
                                                         United States District Judge